IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE J. HANCOCK, TIMOTHY P. DUNLAP, JOHN LISNER, DALE BOLT, BRAD WEBB, JAMES BUIK, MICHAEL I. RICHARDSON, and EDWARD DENORMANDIE as TRUSTEES of the LOCAL No. 731, I.B. of T., GARAGE ATTENDANTS, LINEN AND LAUNDRY HEALTH AND WELFARE FUND, <br><br> and <br><br> TERRENCE J. HANCOCK, JOHN LISNER, TIMOTHY P. DUNLAP, MICHAEL RICHARDSON, STEVE VOGRIN, and THOMAS J. YONKER as TRUSTEES of the LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> SHEPHERD MOTORCARS CORPORATION d/b/a VOLVO OF OAK PARK, <br><br> Defendant. | Case No. 14-cv-6036 <br><br> Judge Norgle <br><br> Magistrate Judge Finnegan |

**PLAINTIFFS' MOTION FOR A SECOND SUPPLEMENTAL JUDGMENT**

Plaintiffs Terrence J. Hancock[1], Timothy P. Dunlap[2], John Lisner, Dale Bolt, Brad Webb,

James Buik, Michael I. Richardson, and Edward DeNormandie, as Trustees of the Local No.

731, I.B. of. T., Garage Attendants, Linen and Laundry Health and Welfare Fund, and Terrence

J. Hancock, John Lisner, Timothy P. Dunlap, Michael Richardson, Steve Vogrin, and Thomas J.

Yonker, as Trustees of the Local No. 731, I.B. of T., Private Scavengers and Garage Attendants

---

[1] In January 2015, Terrence J. Hancock resigned as a Trustee for the Welfare Fund. He was succeeded as Trustee by Walter G. Thiede. Mr. Hancock remains a Trustee for the Pension Fund.

[2] Timothy P. Dunlap passed away unexpectedly on July 23, 2016. His successor as a Trustee to the Funds has not yet been appointed as of the date of this filing.

Pension Trust Fund (collectively, "Funds"), through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, respectfully move this Court for a second supplemental judgment. In support of the motion, the Funds state as follows:

1. This is an action to collect delinquent contributions, plus related interest, liquidated damages, and attorneys' fees that Shepherd Motorcars Corporation d/b/a Volvo of Oak Park ("Defendant") failed to remit to the Funds in violation of 29 U.S.C. § 1145 and 29 U.S.C. § 185.

2. On August 21, 2015, the Court entered a default judgment against Defendant in the amount of $131,451.24. Final Judmt. Order [Doc. No. 44].

3. On December 28, 2015, the Court entered a supplemental judgment against Defendant in the amount of $13,048.36 for attorneys' fees and costs incurred between August 21, 2015 and December 28, 2015.

4. As of the date of this order, the Funds have received $57,746.41 towards the judgment pursuant to the Court's September 13, 2016 order directing Lakeside Bank to turnover amounts in accounts belonging to Defendant. Order Granting Mtn. for Turnover [Doc. No. 105].

5. The Funds have now incurred a total of $95,768.48 in attorneys' fees and costs as a result of the delinquency that is the subject of this litigation. Supp. Aff. Rowe, a copy of which is attached hereto as Exhibit A, ¶¶ 6, 7, 10-16.

6. Thus, the Funds have incurred an additional $51,640.91 in attorneys' fees and costs that were not included in the judgment or supplemental judgment entered against the Defendants.

7. The Funds incurred those additional attorneys' fees and costs enforcing their judgment against the Defendant, which the Defendant did not voluntarily satisfy.

8.      Specifically, the Funds' efforts to enforce the judgment have included a citation to discover asset issued to Defendant, a citation examination of Defendant, issuing a third-party citations to five different banks where Defendant has held accounts, reviewing the documents produced by all five banks, taking the citation examination of Defendant's Vice President, conducting research for and preparing a motion for turnover order and a motion to set aside fraudulent transfers, correspondence with Intervenor BMO Harris Bank ("BMO") concerning its alleged priority lien of Defendant's assets, conducting discovery on BMO's claims, including issuing written discovery, taking a Rule 30(b)(6) deposition of BMO, and issuing subpoenas to third-parties, engaging in settlement discussions, researching and responding to BMO's claims of a priority lien, filing pleadings in support of the Funds' motion for a turnover order and motion to set aside fraudulent transfers, responding to a motion to compel by BMO, which the Court ultimately denied in favor of the Funds, reviewing the Court's orders on Plaintiffs' motion for a turnover order and motion to set aside fraudulent transfers, correspondence with Scalzo Motorcars' Corporation's attorneys concerning the Court's orders, conducting additional research, and preparing this motion for a supplemental judgment. Ex. A, Supp. Aff. Rowe, ¶ 10.

9.      Pursuant to 29 U.S.C. § 1132(g)(2), the Funds are entitled to the "reasonable attorneys' fees and costs of [an] action" to collect delinquent contributions; the attorneys' fees and costs that the Funds incurred enforcing their judgment directly resulted from this action, and the Funds are therefore entitled to those additional fees and costs under 29 U.S.C. § 1132(g)(2).

WHEREFORE, the Funds respectfully move this Court to enter a supplemental judgment order for $51,640.91 in attorneys' fees and costs, in the form of the proposed order submitted to the Court.

Respectfully submitted,

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
Attorney for Plaintiffs

J. Peter Dowd (ARDC# 0667552)
Jeremy M. Barr (ARDC# 6299047)
Josiah A. Groff (ARDC# 6289628)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT , CERVONE,
AUERBACH & YOKICH
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361